United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BALBO, | No. C 07-4194 WHA (PR) |
| Plaintiff, | **ORDER OF TRANSFER** |
| v. | |
| JAMES TILTON; JOHN DOVEY; and ROBERT SILLEN, | |
| Defendants. / | |

This case was opened when plaintiff sent the court a nine-page hand-written document. On the first page it carries, on one side of the page and set off in a box, the names of the parties in caption form as set out above, identifying them as plaintiff or defendants as appropriate. It also carries the words "Emergency Action is Requested" and "Also – Requesting Emergency Appointment of Counsel." The content is mostly a contention that California prisons do not allow sufficient photocopying services for inmate litigators, thus violating their constitutional rights. The document contains extensive proposed language for an injunction to improve the operation of prison law libraries. In view of all this, the clerk concluded that plaintiff intended to file a civil rights case and so opened this case. Because plaintiff had not paid the filing fee nor applied for leave to proceed in forma pauperis, he was sent a notice that he must do one or the other within thirty days or the case would be dismissed.

///

The response to this notice was from plaintiff's cellmate, who says that plaintiff is very sick, physically and mentally, and that he did not really intend to start a new case. On the other hand, the cellmate also says that plaintiff is in desperate need of help and is suffering from a violation of his constitutional rights, presumably meaning his Eighth Amendment rights. Attached to the letter is a letter plaintiff evidently started but was unable to finish in which he says that he says that the document treated as the complaint was his "habeas corpus drafting notes," that he needs a lawyer because of his illnesses, and that he cannot pay because he has no money.

These contradictory contentions make it difficult to determine whether this case was opened in error. Probably plaintiff does not understand that an attorney cannot be appointed for him unless he has an open case, and he appears not to understand that he will not have to prepay fees if he is granted leave to proceed IFP. In view of these considerations, the case will be transferred rather than dismissed.

Plaintiff is housed at Corcoran State Prison, and the claims mentioned in the complaint clearly arose there. Corcoran is in the Eastern District of California. Defendants, who are high-ranking persons associated with the California Department of Corrections and Rehabilitation, probably reside there as well, because the headquarters of the CDCR is in Sacramento, which is in the Eastern District. Venue, therefore, properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b).

This case is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a). In view of the transfer, the Court will not rule upon plaintiff's request for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: October   22  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\BALBO194.TRN.wpd